**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

JOHN C. SMEAD,                 )
                              )
            Petitioner,         )
                              )
       v.                       )           CAUSE NO. 3:07-CV-408-TLS
                              )
WALTER E. MARTIN,         )
                              )
            Respondent.      )

**OPINION AND ORDER**

Petitioner John Smead, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dealing with the loss of earned credit time in a disciplinary hearing. On May 1, 2007, a disciplinary hearing board ("DHB") found the Petitioner guilty of possession of tobacco and imposed a loss of sixty days of earned credit time. He appealed unsuccessfully to the Superintendent and the final reviewing authority. The Respondent has filed a response to the order to show cause and the administrative record. The Petitioner has not filed a traverse.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539 (1974); and (5) "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

The Petitioner presents four claims in his petition for writ of habeas corpus. His first claim is that the DHB denied him access to an incident report. The respondent asserts that no incident report was prepared in this case. In its disciplinary hearing report, the DHB noted that the Petitioner had requested the incident report on the cell search, but that "none [was] documented." (DE 9-3.) The reporting officer prepared a conduct report (DE 9-1) stating what had happened, but he did not write an incident report.

Under *Wolff,* a prisoner is entitled to an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals. If an incident report had been prepared and might contain exculpatory evidence, the denial of access to such a report might constitute a due process violation. But here, no incident report was prepared, so there is no possibility of the existence of exculpatory evidence.

The Miami Correctional Facility has security video cameras strategically placed around the facility. The Petitioner requested that the DHB review a video surveillance tape that he believed might have caught some of the incident. The record establishes that two of the board members viewed the tape and prepared an evidence/video review form. (DE 9-3.) The report described what was on the videotape, which did not contain information that either identified the Petitioner or suggested that the Petitioner was guilty or innocent. In grounds two and three of his petition, the Petitioner complains that only two of the board members viewed the tape and that, therefore, any decision made by the board could not have been unanimous.

The Petitioner asked that the surveillance tape be viewed to determine if it contained exculpatory information. Two members of the board reviewed the tape and determined that it contained neither exculpatory or inculpatory evidence. If the board had relied on the tape to find

the Petitioner guilty, the Court would address the merits of this claim. But since the disciplinary

hearing board did not rely on the tape to find him guilty, it simply does not matter whether all of

the board members reviewed the tape personally.

In his final claim, the Petitioner asserts that the evidence was insufficient to find him

guilty. The amount of evidence needed to support a finding of guilt in prison disciplinary

hearings is very modest; there need only be "some evidence" to support the decision of the

prison disciplinary board. *Hill*, 472 U.S. at 455.  This standard "does not require evidence that

logically precludes any conclusion but the one reached by the disciplinary board." *Id.* at 457. A

reviewing court must uphold a finding of guilt if "there is any evidence in the record that could

support the conclusion reached" by the board. *Id*. at 457. In the appropriate circumstances, such

as where the conduct report's author was an eyewitness to the events, the conduct report alone

may be sufficient evidence to support a finding of guilt. *See McPherson v. McBride*, 188 F.3d

784, 786 (7th Cir. 1999).

The conduct report stated that during a shakedown of the Petitioner's cell, the reporting

officer "found one bag of tobacco, rolling papers and one Bic lighter, [and] when asked who

owned this [tobacco] Offender Smead DOC #853296 said it was all his." (DE 9-1). A

photograph of the confiscated material was also presented to the DHB. The DHB relied on the

conduct report and the photographs to find the Petitioner guilty.

The conduct report is an eye-witness statement of the officer who found the contraband.

It is direct evidence of guilt, and it is sufficient evidence to support a finding that the Petitioner

possessed tobacco products in violation of IDOC rules. That the DHB relied on the reporting

officer's eyewitness statement in the conduct report to find the Petitioner guilty did not deprive

3

him of due process.

For the foregoing reasons, the Court **DENIES** this petition.

SO ORDERED on June 3, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION